UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENISE NICOLE PORTER,<br><br>Defendant. | No. 2:06-cr-00026-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL** |

Presently before the Court is Defendant Denise Nicole Porter's ("Defendant") Motion for Release Pending Appeal (Doc. #103). The government opposes the motion (Doc. #104).[1] For the reasons set forth below, Defendant's Motion for Release Pending Appeal is DENIED.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Defendant seeks release pending her appeal to the Ninth Circuit Court of Appeals from this Court's Order imposing

---

[1] This matter was determined to be suitable for decision without oral argument. See United States v. Green, 89 F.3d 657, 660 (9th Cir. 1996). Neither party requested a hearing.

judgment and an eight-month custodial sentence for supervised release violations.  In part, Defendant seeks release pending her appeal because if she remains in custody for the next eight months, she will not be able to participate in the Child Protective Services reunification process and will not remain in contact with her children, which may cause her parental rights to be terminated.  Mot. at 3.

## II.  OPINION

### A.  Legal Standard

Pursuant to 18 U.S.C. § 3143(b), a defendant is entitled to release pending appeal when she shows (1) by clear and convincing evidence that she will not flee or pose a danger to the community; and (2) the appeal is not for the purpose of delay and "raises a substantial question of law or fact likely to result in" a reversal, an order for new trial, or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process.  18 U.S.C. § 3143(b).  A "substantial question" is one that is "fairly debatable."  United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (citations omitted).

### B.  Discussion

#### 1.  Will Not Flee or Pose a Danger to the Community

Defendant argues that she is neither a flight risk nor a danger to the community.  The government argues that Defendant has not shown by clear and convincing evidence that she does not pose a danger to the safety of any other person.

During Defendant's judgment and sentencing on the TSR violation, the Court found that Defendant was a risk to the

public, which includes her children.  Transcript of Judgment and Sentencing on TSR Violation ("Transcript"), Doc. #101, 10:22-11:1.  Although Defendant argues that she has no prior history that indicates she may flee and her probation violations were not for any conduct involving violence, Defendant has not provided any new or different information to persuade the Court that she is not a danger to herself or her children.

Accordingly, the Court finds that Defendant has not shown by clear and convincing evidence that she does not pose a danger to the safety of others.

### 2. Substantial Question

Defendant argues that her appeal raises a substantial question of law or fact because the Court failed to properly recognize its discretion in determining a proper sentence and the Court took into consideration factors outside of those allowed under 18 U.S.C. § 3553.  The government argues that there is no substantial question because the Court considered the Defendant's characteristics as permitted by § 3553(a).

Under § 3553(a)(1), a court should consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  Based on this section, Plaintiff argues that the Court did not recognize Defendant's family situation as a legal basis for granting a sentence below the guidelines range. Mot. at 7.  The Court, however, did consider Defendant's family situation and discussed it at length at the hearing and then decided that in Defendant's case, "[t]here's nothing about the 3553(a) requirements or elements that I take into consideration in adopting a sentence in

3

this case that pushes me to give you anything other than the sentence as recommended by probation." Transcript at 10:8-14. In addition, under § 3553(a)(1), the Court properly considered Defendant's ability to protect the health and safety of her children when determining Defendant's sentence because this ability is part of the "characteristics of the defendant."

Accordingly, the Court finds that Defendant has not shown that her appeal raises a substantial question.

## III. ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion for Release Pending Appeal.

IT IS SO ORDERED.

Dated: May 28, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE